IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT EDWARDS**                                                            **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO. 1:11cv27-JMR**

**PRESTON GOFF and**
**DENNIS SHOWLES**                                                    **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court on the Motion [53] of the defendants Preston Goff and Dennis Showles[1] for Summary Judgment. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the defendant's Motion [53] for Summary Judgment should be granted.

## STATEMENT OF CASE

Edwards filed this suit on January 20, 2011, while an inmate at the George County Regional Correctional Facility, alleging violations of his constitutional rights by the defendants when his radio and headphones were confiscated by prison guards. [11.] Edwards claims the items were taken "out of hate" and not pursuant to any prison policy. (*Id*.) Edwards contends that Showles took the items after another inmate's radio came up missing, and Edwards allegedly was found guilty of taking the radio from the other inmate. [1, p. 4.] Edwards seeks his radio and headphones returned to him, or, if destroyed by prison officials, the price[2] of the radio be refunded to his inmate account, and court costs. (*Id*.)

According to the defendants Edwards was found in possession of "an altered radio and

---

[1] Ricky Dickerson and Chase Miller were dismissed with prejudice from this suit. [17.]

[2] Edwards states the radio cost $43.15. [1, p. 4.]

headphones." [54, p. 1.] According to an affidavit prepared by Preston Goff, Warden of the George County Regional Correctional Facility, the Inmate Handbook provides that inmates are prohibited from possessing contraband, which is an item that was altered from its original condition. [53-2, p. 2.] The policy regarding contraband is applied to all inmates. [53-2, p. 3.]

The parties consented to jurisdiction by the United States Magistrate Judge and an order reassigning the case was entered in this case on October 17, 2012. [44, 45.]

### STANDARD OF REVIEW

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party "[t]he pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." FED.R.CIV.P. 56(c). In determining whether there are any genuine issues of material fact, this Court must first turn to the applicable law to discern, what factual issues are, indeed, material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must also determine "if the dispute about a material fact is `genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court must view the evidence submitted by the parties in the light most favorable to the nonmoving party. *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008).

The moving party bears the initial burden of establishing the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and show that summary judgment is inappropriate. *Breen v. Texas A&M Univ.*, 485 F.3d 325, 331 (5th Cir. 2007).

42 U.S.C. § 1983 imposes liability upon any person who, acting under the color of state law, deprives another of federally protected rights. Therefore, section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the Laws of the United States. *White v. Thomas*, 660 F. 2d 680, 693 (5th Cir. 1981). A plaintiff cannot succeed merely by showing any deprivation of his rights. Section 1983 was intended to protect rights protected by federal law. *Wright v. Collins*, 766 F.2d 841 (5th Cir. 1985).

## ANALYSIS

Edwards does not specify whether the defendants are sued in their individual and official capacities. [1.] The Court will address both possible claims against these defendants.

I.  Claims against Preston Goff

Preston Goff was the Warden of the George County Regional Correctional Facility, at the time of the incident at issue in this lawsuit. [53-2, p. 2.] Section 1983 does not create supervisory or *respondeat superior* liability. *Alton v. Tex. A & M Univ.,* 168 F.3d 196, 200 (5th Cir. 1999). In addition, the Eleventh Amendment bars official-capacity claims for money damages against prison officials. *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). Edwards' claims against Goff, if any, in his official capacity are barred under these principles. The Court concludes that summary judgment should be granted on any claims against Goff acting in his official capacity.

In addition, any claims against Goff acting in his individual capacity are barred because Edwards has not identified specific policies implemented by Goff which caused the alleged constitutional violation in this case. "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal

involvement of each defendant." *Jolly v. Klein,* 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992)). Supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir. 1987). No such evidence is present in this case and the Court, therefore, finds that summary judgment should be granted on any claims against Goff acting in either his individual or official capacity.

II.     Dennis Showles

Section 1983 will not support a cause of action if a person's property is taken by random and unauthorized conduct of a state actor and the state provides an adequate post-deprivation remedy. *Cathey v. Guenther,* 47 F.3d 162 (5th Cir. 1995). In addition, it is well-established that neither negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available. *Daniels v. Williams,* 474 U.S. 327 (1986); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Numerous Fifth Circuit cases have upheld dismissal of prisoners' suits for property deprivation because of the availability of state law remedies. *See, e.g., Myers v. Klevenhage,* 97 F.3d 91, 94-5 (5th Cir. 1996) *(per curiam); Murphy v. J.A. Collins,* 26 F.3d 541, 543-4 (5th Cir. 1994); *Marshall v. Norwood,* 741 F.2d 761, 763-4 (5th Cir. 1984). Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property. *See e.g.,* MISS. CODE ANN. § 11-38-1 *et seq.* (claim and delivery); MISS. CODE ANN. § 11-37-101 *et seq.* (replevin). It is the plaintiff's burden to establish that these post-deprivation remedies are not adequate and in this case, Edwards failed to allege, must less provide any

4

evidence, that these remedies are not adequate. *Myers,* 97 F.3d at 94-5 (citations omitted). The Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton,* 38 F.3d 183, 185 (5th Cir. 1994), *cert. denied* 514 U.S. 1025 (1995). Here, Edwards' remedy, if any, lies in a tort claim under state law, not a claim brought under Section 1983. The Court, therefore, finds that the motion for summary judgment on any claims brought against Showles in this case should be granted. The Court further finds that the case should be dismissed, without prejudice to any state law claims Edwards may have available.

## Conclusion

The Court finds that the defendants' motion for summary judgment [53] for claims advanced against them should be granted. The Court concludes that the plaintiff's claims against these defendants brought pursuant to 42 U.S.C. § 1983 should be dismissed with prejudice. Any state law claims are dismissed without prejudice. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue. A copy of the Memorandum Opinion and Order has been mailed to Plaintiff at his last known address by certified mail, return receipt requested. Each party shall bear their respective costs associated with this motion.

DATED this the 7th day of January, 2013.

                                                  s/ John M. Roper, Sr.
                                                CHIEF UNITED STATES MAGISTRATE JUDGE